Argued and submitted April 30,
reversed and remanded August 4, 1982

## STATE ex rel ADULT AND FAMILY SERVICES DIVISION, *Respondent,*

*v.*

## McCOLLAM, *Respondent Mother,* ZURBRUGG, *Appellant.*

### (80-65 EF; CA A22224)

648 P2d 1331

Sam A. McKeen, Klamath Falls, argued the cause and filed the brief for appellant.

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

434

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

### BUTTLER, P. J.

In this filiation proceeding, ORS 109.124 - .235, tried to a jury, the state introduced evidence of a second paternity suit then pending against appellant-father (appellant). The dispositive issue is whether appellant's motion for mistrial should have been granted. Because we conclude that the denial of the motion was prejudicial error, we reverse and remand for a new trial.

The following colloquy occurred during the state's cross-examination of appellant:

"Q. Did you know a Diane Sykes during that period of time?

"A. I knew, yes, I wasn't dating her.

"Q. She has a similar claim against you does she —

"A. (Witness nods head.)

"Q. — in this Court?

"A. Yes.

"Q. For paternity?

"A. (Witness nods head.)

"Q. You deny that paternity, also?

"A. Yes.

The trial court sustained appellant's objection on the grounds that the evidence was irrelevant and that it was impermissible evidence of a prior wrongful act, *see* ORS 45.600, *repealed by* Or Laws 1981, ch 892, § 98,[1] but appellant's motion for mistrial was denied. The court offered to instruct the jury to disregard the testimony, but

---

[1] At the time of trial, ORS 45.600 provided:

"A witness may be impeached by the party against whom he was called, by contradictory evidence or by evidence that his general reputation for truth is bad or that his moral character is such as to render him unworthy of belief; but he may not be impeached by evidence of particular wrongful acts, except that it may be shown by his examination or by the record of the judgment, that he has been convicted of a crime."

A more accurate characterization of the testimony may be that it was inadmissible because evidence that a party did the same act on another occasion is not relevant to establish that he did the act of which he is accused. *Karsun v. Kelley,* 258 Or 155, 160, 482 P2d 533 (1971). In other words, whether or not it was evidence of a "wrongful act," evidence of another paternity suit is not relevant to establish that respondent was the father of this child. At any rate, the evidence was clearly inadmissible.

appellant requested that no instruction be given.[2] Because the offer of a cautionary instruction was declined, we proceed as if one had been given.

■ Although appellate courts should not ordinarily reverse for denial of a motion for mistrial where a cautionary instruction is given, there are cases in which the testimony the jury is instructed to disregard is so prejudicial that the instruction will be ineffective. *State v. Jones,* 279 Or 55, 62-63, 566 P2d 867 (1977). *Jones* was a rape prosecution in which the prosecuting attorney improperly impeached his own witness (who denied at trial that she had told the victim that defendant had told her he had committed other rapes), with evidence that the witness had told the victim that if she reported the incident it would create problems for defendant "because he had done it so many times before." The court held that, because the credibility of the prosecuting witness and the defendant was critical to the jury's determination, the admission of such evidence denied defendant a fair trial, and defendant's motion for mistrial should have been granted. The court said:

"* * * There may, however, be cases in which the testimony which the jury is instructed to 'disregard' is so prejudicial that, as a practical matter, 'the bell once rung, cannot be unrung' by such an admonishment. [Citations omitted.]" 279 Or at 62.

■ Similarly, in this filiation proceeding, the credibility of the parties undoubtedly played an important role in the jury's determination. The apparent purpose of the objectionable evidence was to have the jury believe that appellant habitually sired children, but denied paternity; therefore, his denial in this case should be given little, if any, credence. The parties presented conflicting evidence of the child's paternity, and we cannot say that the jury would have reached the same conclusion without the irrelevant, prejudicial evidence. Defendant's motion for mistrial should have been granted.

Reversed and remanded.

---

[2] The court recessed immediately after that testimony was given to consider whether to sustain appellant's objection. His counsel refused the court's offer to give a cautionary instruction when the jury returned, because he believed it would only add to the damage by bringing the prejudicial, inadmissible evidence to the jury's attention a second time.